IN THE SUPREME COURT OF THE STATE OF DELAWARE

NISHEEA GARVIN, INDIVIDUALLY § 
AND IN HER CAPACITY AS NEXT §    No. 291, 2018
FRIEND FOR DONYHLA § 
GARVIN-TURNER, §
§
   Defendant Below, §    Court Below: Superior Court
   Appellant, §    of the State of Delaware
§
   v. §    C.A. No. N17C-07-104
§
THE CITY OF WILMINGTON, §
§
   Plaintiff Below, §
   Appellee. §

Submitted: January 16, 2019
Decided: February 5, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 5th day of February 2019, it appears to the Court that:

(1)    A City of Wilmington (the "City") park fence fell on Donyhla Garvin-Turner ("Garvin"). Garvin was injured and Nisheea Garvin, individually and in her capacity as next friend for her minor daughter, sued the City for damages, alleging negligence.[1] On the City's motion to dismiss, the Superior Court found that the City

---

[1] Although Nisheea Garvin, individually and in her capacity as next friend for her minor daughter, Donyhla Garvin-Turner, sued the City, for the ease of exposition, Garvin refers to both Donyhla and Nisheea in this order.

was entitled to sovereign immunity under 10 *Del. C.* § 4011.[2] Garvin argued that § 4012(2), an exception to sovereign immunity when a municipal government's "negligent acts or omissions caus[e] . . . bodily injury . . . [i]n the construction, operation or maintenance of any public building or the appurtenances thereto,"[3] applied. But the Superior Court found that the exception to § 4012(2)—when the "buildings, structures, facilities or equipment [are] designed for use primarily by the public in connection with public outdoor recreation"—applied because "the place where [Garvin] was injured is a facility 'designed for use primarily in connection with public outdoor recreation.'"[4] Because the exception to the exception applied, the Superior Court found that the City was entitled to sovereign immunity and granted the City's motion to dismiss.[5]

(2) We note that the parties and the Court below did not consider this Court's decision in *Moore v. Wilmington Housing Authority*,[6] in which this Court held that the term building in § 4012(2) had to be given its plain, dictionary meaning, which was "a constructed edifice designed to stand more or less permanently, covering a space of land, usu[ally] covered by a roof and more or less completely

---

[2] 11 *Del. C.* § 4011(a) provides that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."

[3] 10 *Del. C.* § 4012(2).

[4] *Garvin v. City of Wilmington*, 2018 WL 2220935, at *2 (Del. Super. Ct. May 8, 2018).

[5] *Id.* at *2–3.

[6] 619 A.2d 1166 (Del. 1993) (en banc).

enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure."[7] Nothing in Garvin's allegations suggest that anything like that type of building existed in the small public park in which she was injured or that the fence that injured her was an appurtenance to that building. Therefore, under *Moore*, § 4012(2) is inapplicable.

(3) But even assuming that a public park is a building for purposes of § 4012(2), the Superior Court was also correct that the exception to § 4012(2) applied. As the Superior Court found,[8] the test of whether the exception to § 4012(2) applies has been consistently focused on whether the building (including under our assumption, the facility, park, or site) was one that is "use[d] primarily in connection with public outdoor recreation."[9] This method of reading the exception to § 4012(2)

---

[7] *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 292 (1986)). The full definition that we embraced in *Moore* is:

> **Building** (n). **1**: a thing built: a: a constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure—distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy **b**: a portion of a house occupied as a separate dwelling: APARTMENT, TENEMENT—used only in some legal statutes.

*Id.* (emphasis in original).

[8] *See Garvin*, 2018 WL 2220935, at *3 (finding "that the place where [Garvin] was injured . . . is designed primarily and used as a public park, . . . meets the definition of a public outdoor recreation area," and as such "the property falls within the limitation set forth in Section 4012 and the immunity afforded to the City remains") (citing *Fidance v. City of Wilmington*, 2017 WL 4334153, at *3 (Del. Super. Ct. Sept. 29, 2017)).

[9] 11 *Del. C.* § 4012(2); *see also Fidance*, 2017 WL 4334153, at *3 ("The property is designed primarily for use as a golf course, which is public outdoor recreation. Thus, reading sections 4011

3

is itself consistent with the principle that sovereign immunity is interpreted broadly and that exceptions to it should be narrowly construed.[10]  Here, Garvin concedes that the park (i.e., the type of building she alleges is relevant) was used for public recreation.  That is enough for sovereign immunity to apply.  The fact that the fence was not itself a piece of recreational equipment does not entitle her to seek recompense from the City under § 4012(2) as it has been consistently interpreted.[11]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

and 4012 together, the property falls within the section 4012 outdoor recreation exception."); *Heaney v. New Castle Cty.*, 1993 WL 331099, at *4 (Del. Super. Ct. July 8, 1993) ("Second, none of the exceptions of 10 *Del. C.* § 4012 apply to plaintiffs' claim.  The arguably closest is § 4012(2) but plaintiffs do not dispute that the area where Heaney was parked is a public park used for outdoor recreation.  Plaintiffs really advance no argument that any statutory exception in the Act allows their claims to go forward.") (footnote omitted).

[10] *See McCaffrey v. City of Wilmington*, 133 A.3d 536, 547 (Del. 2016) ("[E]xceptions to immunity are narrowly construed."); *Sadler v. New Castle Cty.*, 565 A.2d 917, 921 (Del. 1989) ("It may further be inferred from the statutory format and language that while the grant of immunity is broadly cast and open-ended, the excepted activities are narrow and restrictive."); *Fiat Motors of N. Am. v. Mayor & Council of City of Wilmington*, 498 A.2d 1062, 1066 (Del. 1985) ("[T]he activities listed in § 4012 are the only activities as to which municipal immunity is waived.").

[11] Garvin also argues that the fence that injured her was not itself "designed for use primarily by the public in connection with public outdoor recreation."  10 *Del. C.* § 4012(2).  That, of course, is a rational argument but the long-standing focus of the case law has been on whether the "appurtenance" was in a place "designed for use primarily by the public in connection with public outdoor recreation," and we decline to depart from that approach.  *Id.*; *see also Fidance*, 2017 WL 4334153, at *3; *Heaney*, 1993 WL 331099, at *4.

4